

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. X. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Mr. Herms:

Opinion No. C-5506
Re: Does the purchaser of property
sold for taxes under the present
tax foreclosure law take title
free and clear of all liens and
claims for ad valorem taxes
against such property delinquent
at the time of judgment in said
suit?

This office is in receipt of your request
for an opinion of the Attorney General's Department.

As we understand the matter about which
you inquire, a suit is brought by or in behalf of the State
and County for delinquent ad valorem taxes levied against
real property, and in said suit the plaintiff impleads as
parties defendant all other taxing units having delinquent
ad valorem tax claims against such property or any part
thereof. Upon the trial of said cause the court has heard
evidence upon the reasonable fair value of the property in
question and incorporates in its judgment a finding of the
reasonable fair value thereof. The property in question is
sold for taxes under the decree of the court in said suit
but is not sold to the owner of said property, directly or
indirectly, or to anyone having an interest in the property,
or to any party other than a taxing unit which is a party
to the suit, for less than the amount of the adjudged value
of said property or the aggregate amount of the judgment
against the property in said suit, whichever is lower.

Hon. W. P. Herms, Jr., page 2

You desire to know whether the purchaser of property so sold for taxes in such foreclosure suit takes a title free and clear of all liens and claims for ad valorem taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by law.

Article VIII, Section 15, of the Constitution of Texas provides as follows:

"The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide." (Emphasis added)

Article 7172 of Vernon's Revised Civil Statutes of Texas provides as follows:

"All taxes upon real property shall be a lien upon such property until the same shall have been paid. . ."

The foregoing Article 7172, as quoted in part, appears to have been enacted in 1876 (See Acts 1876, page 280; G. L. Vol. 8, page 1116)

The Acts of 1937, 45th Legislature, page 1494-a, Chapter 506, (as amended by the Acts of 1941, 47th Legislature, Chapter 534) further implemented said Article VIII, Section 15, of the Constitution by the following provisions, which are carried forward into Vernon's Annotated Civil Statutes of Texas as Article 7345b:

". . ."

Hon. V. P. Herns, Jr., page 3

"Sec. 3. In any suit hereafter brought by or in behalf of any taxing unit as above defined, for delinquent ad valorem taxes levied against property by any such taxing unit, the plaintiff may implead as parties defendant any or all other taxing units having delinquent ad valorem tax claims against such property, or any part thereof, and it shall be the duty of each defendant taxing unit, upon being served with citation as provided by law, to appear in said cause and file its claim for delinquent ad valorem taxes against such property, or any part thereof. It shall be sufficient service upon the State of Texas in any county in such suit to serve citation upon the county tax collector charged with the duty of collecting such delinquent taxes due the State and County against such property, and it shall be sufficient service upon any other taxing unit to serve citation upon the officer charged with the duty of collecting the taxes of such taxing unit or upon the mayor, president, or chairman or the governing body of such taxing unit, or upon the secretary of such taxing unit. Any taxing unit having any claim for delinquent ad valorem taxes against such property may waive the issuance of service of citation upon it. . . .

"Sec. 4. Each party to such suit shall take notice of, and plead and answer to, all claims and pleadings then on file or thereafter filed in said cause by all other parties therein, and the citation upon each defendant shall so recite.

"Sec. 5. Upon the trial of said cause the court shall hear evidence upon the reasonable fair value of the property, and shall incorporate in its judgment a finding of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper, which reasonable fair value so found by the Court is hereafter sometimes styled 'adjudged value,' which 'adjudged value' shall be the value as of the date of the trial and shall not necessarily be the value at the time the assessment of the taxes was made; provided, that the burden of proof shall be on the owner or owners of such property in establishing the 'fair value' or adjudged value as provided in this section.

". . .

Hon. W. P. Herms, Jr., page 4

"Sec. 8.  No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess."

Section 9 of the Act provides in substance that if at the tax sale the property is bought in by a taxing unit that is a party to the suit, it shall be held in trust for all taxing units adjudged to have liens on the same; that the property cannot be subsequently sold by such trustee for less than the adjudged value without the consent of all taxing units; and that the proceeds of any such sale shall be prorated among such units in proportion to their interests.  It also provides for sale by the sheriff if the trustee does not sell same within six months after the expiration of the redemption period.

Section 10 provides as follows:

"The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for ad valorem taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit, or which had been served with citation in said suit as required by this Act.  Provided, the term 'all liens and

Hon. W. P. Herms, Jr., page 5

claims for ad valorem taxes' shall never be construed to include assessments for maintenance and operation purposes on a pro rata per acre basis against irrigable lands authorized by law to be made by water improvement districts, or water control and improvement districts, and no judgment foreclosing such liens and claims for ad valorem taxes shall ever prejudice the collection of said assessments or the liens securing same."

Section 15 of the said Act provides that said Act shall be cumulative of and in addition to all other rights and remedies which any taxing unit may be entitled to under existing law.

Said Section 15 further expressly provides:

". . . but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. . ."

In view of the express language of Section 15 of the Act, above quoted, it is plain that said Article 7345b is controlling in all suits for delinquent taxes by taxing units, and that if the provisions of Article 7172, which provides that "all taxes upon real property shall be a lien upon such property until the same shall have been paid," are in conflict with any part or portion of Article 7345b, then the terms and provisions of Article 7345b govern as to these proceedings.

Furthermore, it is a general principle of law that "the validity and effect of a tax deed duly executed are to be determined by the statutes in force when the sale was made." (See Trowand v. Smith, 77 Okla. 257; Shaefer v. Mitchell, 109 Tenn. 181; Ford v. Durie, 8 Wash. 87.)

We regard the case of Mexia Ind. School Dist. v. City of Mexia, 133 S. W. (2d) 118, rendered by the Supreme Court of Texas in 1939, as not only upholding the constitutionality of Article 7345b of V. A. C. S. above referred to, but also as holding that when a tax sale has been had in full compliance with the terms of said Article 7345b, the purchaser of the property so sold for taxes in such

foreclosure suit takes the title thereto free and clear of all liens and claims for ad valorem taxes against the property delinquent at the time of the judgment in the said suit to any taxing unit which was a party to the suit or which had been served with citation in the suit as required by said Article 7345b.

But in any case where at the time of the judgment above referred to there were any unpaid assessments for maintenance and operation purposes on a pro rata per acre basis against any irrigable lands authorized by law to be made by water improvement districts, or water control and improvement districts, the collection of said assessments or the liens securing the same would not be prejudiced by such judgment.

We wish to express our appreciation for the data furnished by you in connection with this question, and for the clear expression of opinion by you.

APPROVED AUG 16, 1943

Yours very truly

ATTORNEY GENERAL OF TEXAS

*R.W. Fairchild*
ATTORNEY GENERAL OF TEXAS

By *Geo. P. Blackburn*
George P. Blackburn
Assistant

GPB:AMM


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN